HALL & EVANS LLC
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
MADISYN SCHAUS, ESQ.
Nevada Bar No. 17294
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: 702-998-1022
bondsk@hallevans.com
schausm@hallevans.com
nvefile@hallevans.com
*Attorneys for Gurstel Law Firm, P.C.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHAWN R. BROWN ,

        Plaintiff,

    vs.

SPRING OAKS CAPITAL, LLC; SPRING OAKS
CAPITAL SPV, LLC; and GURSTEL LAW
FIRM, P.C.

        Defendant(s).

----------------------------------------------------------

) CASE NO.:  26-CV-00759-JAD-MDC
)
)
)
)
)
)
)
)
)
)
)

## DEFENDANT GURSTEL LAW FIRM, P.C.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Gurstel does not seek dismissal of the Complaint on the basis of "technical pleading oversights." ECF Doc. 13, p. 5. Rather, Plaintiff's claims are fundamentally flawed such that any amendment to the Complaint would be futile. The Court should proceed to consider Gurstel's motion under Rule 12(b)(6) and not grant leave to amend the Complaint.

Starting with the Legal Standard section, Plaintiff's memorandum contains inaccurate and misattributed citations to legal authority. Regarding the pleading standard, Plaintiff's opposition states: "The United States Supreme Court expressly stated that Rule 8 'does not

1

impose a probability requirement at the pleading stage.' *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011)." ECF Doc. 13, p. 3. This quotation does not exist in the *Skinner* opinion. The stated proposition appears to be a reimagining of a holding found in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Plaintiff's opposition also states: "The Court must accept all factual allegations as true; construe the complaint in the light most favorable to the plaintiff; and draw all reasonable inferences in plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)." ECF Doc. 13, p. 3. *Scheuer* includes the statement that "the allegations of the complaint should be construed favorably to the pleader," 416 U.S. at 236, but does not hold that a court must accept all factual allegations as true, nor does it discuss reasonable inferences. *Id.*

Plaintiff cites *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) for the proposition that: "In this Circuit, district courts have a distinct duty to ensure that *pro se* litigants do not lose meritorious claims due to technical pleading oversights." ECF Doc. 13, p. 5. *Hebbe* does not hold that courts have a "duty" to *pro se* litigants, or that *pro se* litigants have any right not to "lose" claims due to technical errors or "oversights." Plaintiff cites to *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1167 (9th Cir. 2006) for the proposition that the supposed "distinct duty" falsely attributed to *Hebbe* "applies with maximum force where an unrepresented litigant seeks redress under remedial consumer-protection statutes." In *Clark*, the plaintiff was not *pro se*, and the *Clark* opinion does not mention any "duty" of the court toward a *pro se* litigant.

Gurstel and its attorneys recognize that they may have a duty to bring such errors and inaccuracies in Plaintiff's citations to legal authority to the Court's attention. *See Dec v. Mullin*, 171 F.4th 940, 947 (7th Cir. 2026) ("That opposing counsel also failed to catch these errors and bring them to our attention also gives us pause, albeit to a lesser degree").

2

**ARGUMENT**

**I.      The Court should consider Gurstel's Motion to Dismiss under Rule 12(b)(6).**

"Under the 'incorporation by reference' rule of this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." (emphasis added)).

Plaintiff cites to *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) for the proposition that the "Ninth Circuit has repeatedly cautioned district courts against improperly relying on extrinsic evidence at the pleading stage." ECF Doc. 13, p. 6. *Usher* does not discuss the incorporation-by-reference doctrine or the reliance on extrinsic documents. The other cases cited by Plaintiff for this proposition are clearly distinguishable. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) concerned the alleged mistreatment by law enforcement of Sanders, a mentally disabled person, the extrinsic evidence at issue several law enforcement declarations that attributed statements to Sanders. *Id.* Sanders' representatives "vigorously denied" that Sanders made these statements "or even had the mental capacity to have made these statements." *Id.* The Circuit Court also found that the district court improperly took judicial notice of records "for the truth of the facts recited therein" as opposed to "for the existence of" the record. *Id.* The considerations at issue in *Lee* are not present here. The exhibits are not offered to prove, for example, that Plaintiff owed a certain amount as stated in the documents, but rather simply to prove that the documents were produced as validation.

3

In *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-1003 (9th Cir. 2018), the Ninth Circuit stated that "judicial notice and incorporation-by-reference do have roles to play at the pleading stage" but that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims[.]" *Id*. at 998. "This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id*.

There is no "bona fide factual dispute" regarding these documents. *C.f.* ECF Doc. 13, p. 6. Plaintiff attached only a single page of the Spring Oaks response (ECF Doc. 2, p. 20 of 29) despite the fact that the excerpt that Plaintiff included clearly references the fact that the document contains additional pages, stating that "Enclosed you will find documents associated with your account…" and "SEE FOLLOWING PAGE(S) FOR IMPORTANT INFORMATION." *Id*. The full document (Exhibit A[1]) belies Plaintiff's claims about the document; the Spring Oaks response was not simply a "generic statement" and did not fail to provide "meaningful validation."

Plaintiff cannot manufacture a genuine factual dispute where the Complaint's allegations are contradicted by documents the Court may properly consider on a Rule 12(b)(6) motion.. Addressing this exact scenario, the Ninth Circuit held that courts may consider extrinsic documents under the incorporation-by-reference doctrine "to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation modified). Furthermore, courts need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Plaintiff made no attempt to address these binding cases in his opposition.

---

[1] See Exhibit A filed with the Motion to Dismiss.

It is immaterial that Plaintiff "does not concede" the authenticity of the document. The document has been appropriately authenticated by its creator's custodian of records, and Plaintiff has no foundation to contest the authenticity. Plaintiff does not articulate any facts calling the Exhibits into question and does not dispute any particular aspect of the documents.

II.     **Gurstel did not "fail to address the core allegations," and the Complaint is impermissibly conclusory.**

Plaintiff claims that "because a debt-collection law firm acts as an agent of the creditor, knowledge of Plaintiff's prior disputes is legally imputed to Gurstel as a matter of law[.]" In support of this claim, Plaintiff cites "*Clark*, 460 F.3d at 1162, 1173" and *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1025 (9th Cir. 2012). *Clark* states, to the contrary, that "there is no legal authority for the proposition that an attorney is generally liable for the actions of his client." *Clark*, 460 F.3d at 1173. *Evon* does not mention the words "agent," "knowledge," "impute," or discuss notice under Rule 8.

Plaintiff claims that "the FDCPA does not require a consumer to state their disputes with technical precision or specify their exact statutory grounds within initial correspondence to preserve their rights under § 1692g or § 1692e. See *Clark*, 460 F.3d at 1170." It is unclear what Plaintiff means—Gurstel does not claim that Plaintiff failed to preserve his rights by failing to use technical precision in his initial correspondence—but *Clark*, 460 F.3d 1162, does not contain any holding to this effect.

The Opposition summarizes Plaintiff's allegations, stating that "Plaintiff alleged that …validation was deficient, collection and furnishing activities continued, and representations regarding the debt were false or misleading." ECF Doc. 13, p. 10. These allegations are bare legal conclusions. Neither the Complaint nor Plaintiff's opposition offer any clues as to the

actual facts underlying these claims. The cases cited by Plaintiff work against him. *Clark* states that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark*, 460 F.3d at 1173 (citations omitted). Even the excerpt of the document that Plaintiff attached to his Complaint (ECF Doc. 2, p. 20) shows this requirement was satisfied, as it identifies the original creditor, the current creditor, the balance owed, and states Spring Oaks has "confirmed the name and amount owed on the account" and "determined that you are the correct consumer[.]" *Id.*

Plaintiff cites *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) for the proposition that "Federal courts have repeatedly recognized that collection activity undertaken without proper legal authority may support FDCPA claims where such activity misrepresents the legal status of a debt, authority to collect, or entitlement to enforce obligations." ECF Doc. 13, p. 10. *Donohue* does not contain any holding to that effect and does not concern authority to collect, legal status of debt, or entitlement to enforce. The claims in *Donohue* were that a debt collector violated the FDCPA by charging a usurious interest rate and by incorrectly stating the basis for an interest charge. *Donohue*, 592 F.3d at 1029.

On page 10 of the Opposition, Plaintiff repeats his inaccurate citation to *Clark*, 460 F.3d at 1173 for the proposition that "a principal's knowledge of a timely consumer dispute is legally imputed to its collection agents." ECF Doc. 13, p. 10. *Clark*, as previously noted, does not so state. 460 F.3d at 1173.

**III.    Amendment of the Complaint would be futile.**

Plaintiff fails to articulate how his "pleading deficiencies can be readily cured by amendment," (ECF Doc. 13, p. 15). In fact, amendment will not cure the Complaint. The Supreme Court describes a number of justifiable bases to deny leave to amend, including "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies …futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, (1962); *see also Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (citing *Foman*).

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Furniture Royal, Inc. v. Schnadig Int'l Corp.*, 2019 WL 5680399, at *2 (D. Nev. July 30, 2019), *report and recommendation adopted,* 2020 WL 929462 (D. Nev. Feb. 26, 2020) (citing *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)).  It is within the court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).  Futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises "where the amended complaint would ... be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Here, the Court should deny leave to amend, because any amendment would be futile.

> a.   *Amendment of the Complaint cannot save Plaintiff's FDCPA claims.*

The alleged violations at issue in this case occurred, and Plaintiff's cause of action accrued, between August 28, 2023, when Plaintiff sent a written dispute and validation request, and September 22, 2023, when Plaintiff sent a follow-up request for verification.  *See* Complaint, ¶14-18 ("Shawn sent a follow-up dispute on September 22, 2023 **after Defendants failed to comply**" (emphasis added)). The Complaint makes clear that the alleged violations had already taken place at the time Plaintiff sent the September 22, 2023 "follow-up dispute." As Plaintiff alleges, "[d]espite the written dispute, Defendants continued furnishing the account." Complaint, ¶19. Counts I–III of the Complaint allege that Defendants "continued collection activity after receiving Plaintiff's dispute, without providing validation," (Complaint, ¶27); "Defendants

communicated credit information known to be disputed," (*id.*, ¶30); and Defendants attempted "to collect an unvalidated debt," (*id*, ¶32). Each and every FDCPA violation alleged in the Complaint occurred no later than September 22, 2023.

It is black letter law that "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs[.]" *Rotkiske v. Klemm*, 589 U.S. 8, 10, 140 S. Ct. 355, 358, 205 L. Ed. 2d 291 (2019). "An action under the FDCPA may be brought 'within one year from the date on which the violation occurs.'" *Id.* (*citing* 15 U.S.C. § 1692k(d)). Thus, the deadline for Plaintiff to bring an FDCPA claim was no later than September 23, 2024. Plaintiff filed the Complaint on March 16, 2026. Plaintiff's claims are therefore time-barred on the face of the Complaint. Because the statute of limitations is apparent from the pleading itself, dismissal under Rule 12(b)(6) is appropriate without further proceedings. See *Ott v. Mortgage Investors Corp. of Ohio*, 65 F.3d 760, 762 (8th Cir. 1995) (affirming dismissal of time-barred FDCPA claims).

Plaintiff bears the burden of pleading facts demonstrating that the limitations period was tolled or otherwise does not apply. No such facts are alleged in the Complaint. On the contrary, the Complaint forecloses the possibility of a tolling argument by its own internal logic. Plaintiff clearly alleged that he was aware of the purported violations by alleging that he "sent a follow-up dispute on September 22, 2023 **after Defendants failed to comply**." Complaint, ¶18 (emphasis added).

Plaintiff does not substantively address the FDCPA statute of limitations issue in his opposition to Gurstel's motion. *See* ECF Doc. 13. By failing to oppose this argument, Plaintiff conceded to dismissal of this claim. *See* L.R. 7-2(d); *Moore v. Ditech Fin., LLC*, No. 2:16-CV-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd,* 710 F. App'x 312 (9th Cir. 2018) (holding that plaintiff Moore "waived this argument by failing to oppose the defendants' arguments on this point in their motion to dismiss. By failing to oppose, under our

8

local rules Moore conceded to dismissal of this claim."). There are only two references in Plaintiff's opposition to the statute of limitations. First, Plaintiff claims that the Gurstel motion asks the Court to "resolve statute-of-limitations disputes dependent on undeveloped facts." *Id*. at 2. But the statute of limitations question here does not depend on "undeveloped facts." It depends entirely on the explicit allegations contained on the face of the Complaint. Plaintiff even acknowledges the correct standard of law in his second reference to statute of limitations, correctly stating that a "statute of limitations defense generally cannot support dismissal unless untimeliness is apparent on the fact of the complaint." *Id*. at 12. Plaintiff's second reference to the statute of limitations is made in connection with his FCRA claim (*id.*), which is discussed in further detail *infra*.

The untimeliness of Plaintiff's FDCPA claims is apparent on the face of the Complaint, and Plaintiff waived his opposition to this argument. Therefore, the FDCPA claims must be dismissed.

> b.   *Amendment of the Complaint cannot save Plaintiff's FCRA Claim.*

Plaintiff's FCRA claim (Count IV, Complaint, ¶¶33-37) fails on multiple grounds articulated in Gurstel's principal brief, most of which are not substantively addressed in Plaintiff's opposition. To the extent that Plaintiff fails to oppose Gurstel's arguments, they are conceded. L.R. 7-2(d); *Moore*, 2017 WL 2464437, at *2. Additionally, Plaintiff's FCRA claim fails, and cannot be saved by amendment, due to the FCRA's statute of limitations.

Unlike the FDCPA, the FCRA does have a "discovery rule," holding that an action must be brought not later than the earlier of: (1) two years after the date of discovery by the plaintiff of the violation; or (2) five years after the date on which the violation occurred. 15 U.S.C. § 1681p. Nevertheless, Plaintiff's FCRA claim is also time-barred, and cannot be saved by any amendment to the Complaint. On its face, the Complaint alleges that Plaintiff discovered perceived inaccuracies in data furnished by Defendants prior to his "follow-up" dispute of September 22,

2023. Complaint, ¶19. Under 15 U.S.C. § 1681p, Plaintiff was therefore required to bring an action prior to September 22, 2025, which he did not.

Plaintiff attempts to argue that it is "premature" to conclude that the FCRA claim is time-barred, because "factual questions remain," such as "whether continued furnishing occurred," and "when violations were discovered." ECF Doc. 13, p. 12. But Plaintiff's failure to plead these additional facts does not create a fact question. The law is clear. "Factual allegations must be enough to raise a right to relief above the speculative level" and the pleading must do more than create a "suspicion" of a cause of action. *Twombly*, 550 U.S. at 555 (citation modified). There must be more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff presents no more than speculation about "whether continuing furnishing occurred," "whether reinvestigations occurred," and "whether subsequent reporting created independent violations." It is central to the holdings of *Iqbal* and *Twombly* that a plaintiff cannot defeat a motion to dismiss and thereby reach discovery on the basis of a "sheer possibility" that a violation exists, which is exactly what Plaintiff attempts to do here. *See* ECF Doc. 13, p. 12 ("Here, factual questions remain regarding…whether continuing furnishing occurred…Those issues require discovery.").

Plaintiff claims that "courts recognize that repeated furnishing of inaccurate information following disputes may constitute continuing or separate actionable conduct under the FCRA." ECF Doc. 13, p. 12. In support of this claim, Plaintiff cites two cases, neither of which stand for this proposition. *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109-10 (9th Cir. 2012) did not reach the question of whether the FCRA statute of limitations may be restarted by independent subsequent violations. *Id*. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-57 (9th Cir. 2009) also does not discuss the FCRA statute of limitations, "repeated furnishing," or "continuing" violations.

c.   *Amendment of the Complaint cannot save Plaintiff's state law claims.*

10

Plaintiff offers nothing more than a conclusory allegation that Defendants violated the Nevada Deceptive Trade Practices Act (NDTPA), completely failing to plead the necessary facts to support this claim.. Plaintiff cannot cure this defect by amending to add additional facts, because, as a matter of law, the NDTPA is inapplicable to debt collection actions. "Courts in this District hold that the NDTPA does not apply to debt collection." *Goldsmith v. Aargon Agency, Inc.*, 2018 WL 1567848, at *7 (D. Nev. Mar. 30, 2018). The "entirety of Section § 598 only applies to transactions involving goods and services." *Gage v. Cox Commc'ns, Inc.*, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017). "[L]iability under the NDTPA is not triggered" by violations of the FDCPA, absent a sale or lease of goods or services. *Peatrowsky v. Persolve*, 2014 WL 1215061, at *5 (D. Nev. Mar. 24, 2014). Plaintiff entirely failed to address any argument to this point.

Plaintiff claims that the Nevada Supreme Court held that the NDTPA "applies expansively," citing to "*Poole v. Nevada Auto Dealership Investments, LLC*, 137 Nev. 288, 491 P.3d 721 (2021)." However, the case Plaintiff intends to cite, *Poole v. Nevada Auto Dealership Invs., LLC*, 135 Nev. 280, 449 P.3d 479 (Nev. App. 2019), is a Nevada Court of Appeals case—not a Nevada Supreme Court case. The Nevada and Pacific reporter citations provided by Plaintiff refer to two different, unrelated cases.

Plaintiff's argument regarding his negligence per se claim is equally unsupported. Plaintiff cites a single case, *Barnes v. Delta Lines, Inc.*, 99 Nev. 688, 690 (1983) to support his claim that the negligence per se claim "may proceed because the underlying statutory violations involve a knowing and reckless disregard for consumer accuracy, taking the claim completely outside the scope of federal preemption." *Barnes* concerns a negligence per se jury instruction in a personal injury motor vehicle accident trial, and does not suggest that a negligence per se claim can proceed here. It is unclear what "scope of federal preemption" Plaintiff is referring to. Plaintiff does not address the essential flaw with his negligence claim: the lack of a legal duty owed by any

11

Defendant to Plaintiff. There is no duty of care or fiduciary relationship between Plaintiff and the Defendants. *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004)  By failing to address this argument, Plaintiff has conceded to it.

**IV.     Plaintiff Concedes to the Dismissal of his Intentional Infliction of Emotional Distress Claim.**

To the extent that the Complaint articulates a claim for intentional infliction of emotional distress (see ECF Doc. 2, p. 6, ¶¶43-44), Plaintiff conceded to the dismissal of this claim by failing to respond to Gurstel's arguments regarding the lack of extreme or outrageous conduct, and the lack of sufficiently severe emotional distress or physical manifestation of emotional injury.

**V.      Plaintiff is not entitled to conduct any discovery because he failed to state a claim.**

Plaintiff's penultimate argument seems to be a request under Rule 56(d), Fed. R. Civ. P. to permit Plaintiff to conduct discovery before the Court considers Gurstel's motion to dismiss, which Plaintiff argues should be deemed a motion for summary judgment. Even if it were, the discovery that Plaintiff claims to be necessary cannot save Plaintiff's claims. Plaintiff's claims still fail because the FDCPA and FCRA claims are time-barred, the NDTPA is inapplicable, and the tort claims fail without the underlying statutory claims. None of the evidence Plaintiff claims to be seeking could change these facts. Plaintiff has not shown, by declaration or affidavit, that he cannot present essential facts. Crucially, the rule calls for the movant to demonstrate "specified reasons." Fed. R. Civ. P. 56(d). Plaintiff has not provided any articulable basis for how, or why, the specified evidence is essential to justify his opposition to Gurstel's motion.

**CONCLUSION**

For the foregoing reasons, Gurstel respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

. . .

12

I certify that Artificial Intelligence was not used to prepare the foregoing document.

DATED May 28, 2026                    HALL & EVANS, LLC

                                      /s/Kurt Bonds
                                      KURT R. BONDS, ESQ.
                                      Nevada Bar No. 6228
                                      MADISYN SCHAUS, ESQ.
                                      Nevada Bar No. 17294
                                      1160 North Town Center Drive, Suite 330
                                      Las Vegas, Nevada 89144
                                      (702) 998-1022
                                      bondsk@hallevans.com
                                      schausm@hallevans.com
                                      nvefile@hallevans.com
                                      *Attorneys for Defendants Spring Oaks Capital,
                                          LLC and Spring Oaks Capital SPV, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that I am an employee of HALL & EVANS, LLC and that on the 28th day of May, 2026, I caused the above and foregoing Reply Memorandum in Support of Gurstel's Motion to Dismiss, to be served as follows:

[ X ]    By placing the same to be deposited in the United States Mail, in a sealed envelope

upon which First Class postage was prepaid in Las Vegas, Nevada;

[ X ]    By electronic mail.

To the following Defendant(s) or attorney(s) listed below at the address, email address, and/or

facsimile number indicated below:

Shawn R. Brown
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
shawn@sakuraent.com

*/s/Allisen VanAusdal*
Signed by an Employee of Hall & Evans, LLC