HALL & EVANS LLC
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
Kurt R. Bonds (Nevada Bar No. 6228)
Madisyn Schaus (Nevada Bar No. 17294)
Telephone: 702-998-1022
bondsk@hallevans.com
schausm@hallevans.com
nvefile@hallevans.com
*Attorneys for Gurstel Law Firm, P.C.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN R. BROWN , | ) CASE NO.:  26-CV-00759-JAD-MDC |
| | ) |
| Plaintiff, | ) **SPRING OAKS DEFENDANTS'** |
| | ) **NOTICE OF MOTION AND** |
| | ) **MOTION FOR JUDGMENT ON** |
| vs. | ) **ON THE PLEADINGS AND** |
| | ) **NOTICE OF JOINDER** |
| SPRING OAKS CAPITAL, LLC; SPRING OAKS | ) **WITH GURSTEL'S MOTION** |
| CAPITAL SPV, LLC; and GURSTEL LAW | ) **TO DISMISS** |
| FIRM, P.C. | ) |
| | ) |
| Defendant(s). | ) |

------------------------------------------------------------

COME NOW Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC (collectively "Spring Oaks") and hereby move for an Order granting judgment on the pleadings to Spring Oaks pursuant to Rule 12(c), Fed. R. Civ. P.

Spring Oaks joins the arguments presented by Defendant Gurstel Law Firm, P.C. in Gurstel's Motion to Dismiss and supporting filings (ECF No. 15-1, ECF No. 10-1, 10-2, 10-3)

/ / /

/ / /

/ / /

/ / /

1

as described in the attached Memorandum of Points and Authorities.

DATED JUNE 1, 2026                    HALL & EVANS, LLC


*/s/Madisyn Schaus*_____
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
Kurt R. Bonds (Nevada Bar No. 6228)
Madisyn Schaus (Nevada Bar No. 17294)
Telephone: 702-998-1022
bondsk@hallevans.com
schausm@hallevans.com
nvefile@hallevans.com
*Attorneys for Gurstel Law Firm, P.C.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action arises from Plaintiff's allegation that (1) Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") by purportedly furnishing inaccurate information about, and failing to properly validate, a consumer debt in 2023, (2) that the same alleged conduct constitutes a violation of the Nevada Deceptive Trade Practices Act, and (3) that the same alleged conduct supports a claim of negligence *per se*. Plaintiff filed the Complaint in March 2026, well outside the statutes of limitations for the FDCPA and FCRA. Plaintiff's FDCPA and FCRA claims are therefore time-barred on their face and must be dismissed. Even assuming, arguendo, that Plaintiff's claims were timely (which they are not), dismissal is still warranted on the merits because Spring Oaks Capital, LLC provided a full and complete verification response to Plaintiff's request. The FDCPA does not require Spring Oaks to produce any particular documentation in response to a validation request, and this response satisfied all statutory obligations. Because there is no underlying FDCPA violation, Plaintiff's derivative state-law claims fail as well.

Plaintiff's NDTPA claim independently fails because debt collection activity is not a

2

"trade practice" within the meaning of the NDTPA because it does not involve the sale of goods or services. Plaintiff's negligence per se claim fails for multiple independent reasons: the FDCPA does not establish a standard of care for a Nevada negligence claim; there is no viable underlying FDCPA violation; and no fiduciary or special relationship exists between a debt collector and a consumer that could give rise to a common law duty of care. Judgment on the pleadings in favor of Spring Oaks as to all counts is appropriate.

## II. PROCEDURAL POSTURE

Spring Oaks timely filed an Answer to the Complaint. ECF Doc. 8. Defendant Gurstel Law Firm, P.C. ("Gurstel") subsequently moved to dismiss under Rule 12(b)(6). ECF No. 10; corrected at ECF No. 15-1. Spring Oaks now moves for judgment on the Pleadings pursuant to Rule 12(c). In support of its motion, Spring Oaks joins and incorporates by reference as set forth below the arguments contained in Defendant Gurstel Law Firm, P.C.'s corrected Rule 12(b)(6) Motion to Dismiss Complaint and the Memorandum of Points and Authorities in support thereof (the "Gurstel Motion"), filed on May 28, 2026 (ECF No. 15-1), and the declaration of Sonia Chiriboga (ECF No. 10-1) and Exhibits A and B thereto (ECF Nos. 10-2, 10-3) filed on May 15, 2026.

## III. FACTUAL BACKGROUND

Spring Oaks joins and incorporates by reference the Factual Background section of the Gurstel Motion (ECF No. 15-1, pp. 3-5), including the declaration of Sonia Chiriboga (ECF No. 10-1) and Exhibits A and B thereto (ECF Nos. 10-2, 10-3).

## IV. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *See Gregg v. Hawaii, Dep't of Pub. Safety*,

870 F.3d 883, 887 (9th Cir. 2017) (holding Rule 12(c) motion is "functionally identical" to Rule 12(b)(6) motion and "the same standard of review" applies to motions brought under either rule) (internal quotation marks and citations omitted). Spring Oaks further joins and incorporates by reference the Legal Standard section of Gurstel's motion (ECF No. 15-1, pp. 6-7).

## IV. ARGUMENT

Because Plaintiff's claims against Spring Oaks rest on the same defective legal theories asserted against Gurstel, Plaintiff's claims against Spring Oaks fail for the same reasons. No amendment to the Complaint could cure these defects. Spring Oaks accordingly adopts and incorporates by reference the arguments set forth in the following sections of the Gurstel Motion and Memorandum:

A. Plaintiff's FDCPA Claims Are Barred by the One-Year Statute of Limitations (ECF No. 15-1, pp. 7-8).

B. The Court May Consider Defendant's Complete Verification Response Under the Incorporation by Reference Doctrine, and That Response Demonstrates Full Compliance with the FDCPA (*id.* at pp. 8-10).

C. Plaintiff's Claims Fail on the Merits Because Defendant Provided Verification of the Debt and the FDCPA Does Not Require Production of Any Specific Documentation (*id.* at pp. 10-13).

D. Plaintiff's Nevada Deceptive Trade Practices Act Claim Fails as a Matter of Law (*id.* at pp. 13-14).

E. Plaintiff's Negligence Per Se Claim Fails as a Matter of Law (*id*. at 14-17).

F. Plaintiff's Claim under Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 s-2 Fails as a Matter of Law (*id*. at 17-20).

G. Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails as a Matter of Law (*id*. at 21-24).

H. The Complaint Fails in Its Entirety Because Plaintiff Pleads Nothing More Than Bare Statutory Elements—He Never Explains Why the Debt Was Disputed, Why the Verification Was Insufficient, or Why Any Reporting Was False or Misleading (*id*. at 24-27).

Note that the argument presented in the penultimate paragraph of Section VI(H), beginning "Compounding all of the above…" on page 27 of the Gurstel brief, does not apply to Spring Oaks.

## V. CONCLUSION

For the foregoing reasons and as set forth in Gurstel Motion (ECF No. 15-1). Spring Oaks respectfully requests that this Court grant Spring Oaks Rule 12(c) Motion for Judgment on the Pleadings and dismiss Plaintiff's Complaint with prejudice in its entirety.

## CERTIFICATION

I certify that Artificial Intelligence was not used to prepare the foregoing document.

DATED June 1, 2026          HALL & EVANS, LLC

*/s/Madisyn Schaus*
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
Kurt R. Bonds (Nevada Bar No. 6228)
Madisyn Schaus (Nevada Bar No. 17294)
Telephone: 702-998-1022
bondsk@hallevans.com
schausm@hallevans.com
nvefile@hallevans.com
*Attorneys for Gurstel Law Firm, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of HALL & EVANS, LLC and that on the 1st day of June, 2026, I caused the above and foregoing Motion for Judgment on the Pleadings and Notice of Joinder, to be served as follows:

[ X ]    By placing the same to be deposited in the United States Mail, in a sealed envelope

upon which First Class postage was prepaid in Las Vegas, Nevada;

[ X ]    By electronic mail.

To the following Defendant(s) or attorney(s) listed below at the address, email address, and/or

facsimile number indicated below:

Shawn R. Brown
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
shawn@sakuraent.com

                                    /s/Allisen VanAusdal
                                    Signed by an Employee of Hall & Evans, LLC