FILED
ENTERED                          RECEIVED
                           SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 03 2026

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| SHAWN R. BROWN | : | Case#: **2:26-cv-00759** |
| | : | |
| Plaintiff(s), | : | Judge: **Honorable Jennifer A. Dorsey** |
| | : | |
| vs. | : | Magistrate Judge: **Maximiliano Couvillier** |
| | : | |
| SPRING OAKS CAPITAL, LLC, et al | : | |
| | : | |
| Defendant(s) | : | |

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2) AND LOCAL RULE IA 15-1

---

Plaintiff Shawn R. Brown, appearing *in propria persona*, respectfully moves this Honorable Court for an Order granting leave to file his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule IA 15-1.

### MEMORANDUM OF POINTS AND AUTHORITIES

I. LEGAL STANDARD GOVERNING AMENDMENT

Federal Rule of Civil Procedure 15(a)(2) mandates that the Court "should freely give leave when justice so requires." *See* Fed.R.Civ.Pro. R. 15(a)(2). The Ninth Circuit enforces this mandate with "extreme liberality," holding that the rule "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). The Court must evaluate five factors to determine the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The non-moving party bears the heavy burden of demonstrating why leave should be denied, and "prejudice to the opposing party carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

## II. PURPOSE AND SCOPE OF THE PROPOSED AMENDMENT

This litigation involves actionable consumer injury under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Nevada Deceptive Trade Practices Act, NRS § 598. Plaintiff seeks to file the attached First Amended Complaint to: (a) Correct internal paragraph-numbering discontinuities that existed in the initial pleading; (b) Separate and distinctly delineate the independent corporate actions, liabilities, and admissions of Defendant Spring Oaks Capital, LLC (the furnisher) and Defendant Spring Oaks Capital SPV, LLC (the alleged asset owner) based on disclosures set forth in their Answer; and (c) Integrate precise chronological milestones and operative dates extracted from domestic postal return receipts and credit-network disclosure data, establishing a clear statutory timeline.

## III. THE AMENDMENT DIRECTLY NEUTRALIZES PENDING DISPOSITIVE MOTIONS AND PREVENTS FUTILITY

On June 1, 2026, the Spring Oaks Defendants filed a Motion for Judgment on the Pleadings (ECF No. 17), selectively targeting the timeline of the initial complaint under a statute of limitations defense. Plaintiff's proposed First Amended Complaint completely cures and renders moot the core issues raised by Defendants. Specifically, the amended pleading identifies distinct, ongoing, actionable statutory violations occurring as recently as February 6, 2026—fully within the applicable FDCPA and FCRA statutory windows.

In the Ninth Circuit, it is long-settled law that an amended complaint supersedes the original, rendering a pending motion to dismiss or motion for judgment on the pleadings entirely moot. See *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Granting leave to amend at this early stage prevents a waste of judicial resources and ensures this controversy is justly adjudicated on its factual merits rather than outdated pleading text.

IV. TOTAL ABSENCE OF PREJUDICE, BAD FAITH, OR UNDUE DELAY

This Motion is brought at the virtual absolute inception of this litigation. No Joint Discovery Plan has been approved by the Court, initial disclosures have not been exchanged, and no depositions have been scheduled. Defendants cannot assert surprise or operational prejudice; the amended complaint simply articulates with greater precision the exact operational boundaries of the claims they have already answered or moved against.

V. STRICT COMPLIANCE WITH LOCAL MEET-AND-CONFER COOPERATIVE RULES

In strict compliance with the local rules of this District and prior to being served Defendant's Motion for Judgment on the Pleadings (ECF No. 17), Plaintiff initiated written outreach to opposing counsel on June 1, 2026, tendering a complete copy of the proposed First Amended Complaint and requesting a voluntary stipulation under Rule 15(a)(2) to facilitate judicial efficiency. Because the parties face a looming Rule 26(f) deadline of June 4, 2026, and to ensure that a Joint Discovery Plan is not built upon a defunct, procedurally obsolete original complaint, Plaintiff has proactively filed this Motion to secure a definitive ruling.

As required by Local Rule IA 15-1, the proposed First Amended Complaint—complete with its evidential exhibits—is attached hereto as Exhibit A and incorporated by reference. Additionally, a Proposed Order Granting Plaintiff's Motion for Leave to File First Amended Complaint is attached hereto as Attachment 1.

WHEREFORE, Plaintiff Shawn R. Brown respectfully requests that this Court grant his Motion for Leave to File First Amended Complaint, execute the accompanying Proposed Order attached hereto as Attachment 1, direct the Clerk of the Court to file the attached First Amended Complaint (Exhibit A) on the active docket, and order the Defendants to file their responsive pleadings within fourteen (14) days from the entry thereof.

Dated: June 2, 2026

Respectfully Submitted,

_____

Shawn Brown
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145
Telephone: (725) 224-7610
Email: shawn@sakuraent.com
Plaintiff – *in propria persona*

## CERTIFICATE OF SERVICE

Shawn R. Brown certifies that on this **2nd** day of **June** 2026, the foregoing

***PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT***

***PURSUANT TO FRCP 15(a)(2) AND LOCAL RULE IA 15-1*** was filed electronically with the

Clerk of Court. Upon the Clerk's office docketing this pleading, notice of this filing will be sent

through the Court's electronic filing system to all parties represented by attorneys who are

registered users of the Court's electronic filing system as provided for in Fed. R. Civ. P.

5(b)(2)(E).

Shawn R. Brown
Plaintiff – *in propria persona*