HALL & EVANS LLC
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
Kurt R. Bonds (Nevada Bar No. 6228)
Madisyn Schaus (Nevada Bar No. 17294)
Telephone: 702-998-1022
bondsk@hallevans.com
schausm@hallevans.com
nvefile@hallevans.com
*Attorneys for Gurstel Law Firm, P.C.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN R. BROWN , | ) CASE NO.:  26-CV-00759-JAD-MDC |
| Plaintiff, | ) |
| vs. | ) |
| SPRING OAKS CAPITAL, LLC; SPRING OAKS CAPITAL SPV, LLC; and GURSTEL LAW FIRM, P.C. | ) |
| Defendant(s). | ) |

------------------------------------------------------------

**REPLY TO PLAINTIFF'S OPPOSITION TO SPRING OAKS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC (collectively "Spring Oaks") hereby reply to Plaintiff Shawn R. Brown's ("Plaintiff") Opposition (ECF No. 20) to Spring Oaks Defendants' Motion for Judgment on the Pleadings (ECF No. 17).

**ARGUMENT**

**I.    Plaintiff's Proposed Amendment Does Not Render Spring Oaks' Rule 12(C) Motion Moot.**

Plaintiff's Opposition fails to refute Spring Oaks' contention that Plaintiff's Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Rather,

1

Plaintiff relies on the proposition that Spring Oaks' Motion for Judgment on the Pleadings is "procedurally moot" because Plaintiff's proposed First Amended Complaint ("PFAC") would cure "the structural ambiguities targeted by Defendants." ECF Doc. 20, p 2.

Plaintiff relies on *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) for the proposition that "an amended complaint completely supersedes the original pleading, rendering the initial complaint as non-existent." ECF Doc. 20, p. 2. Plaintiff's opposition also states: "[B]ecause a <u>pending amended complaint</u> replaces the prior text, any active dispositive motion targeting the structurally obsolete baseline is rendered procedurally moot. *See Ramirez*, 806 F.3d at 1008 (<u>holding that a motion targeting a superseded complaint is moot</u>)." *Id* (emphasis added). Plaintiff mischaracterizes *Ramirez* and overstates its holding.

The Ninth Circuit addressed a fundamentally different issue. In *Ramirez*, the plaintiff filed an amended complaint within the time period permitted by Rule 15(a)(1) after a Rule 12(b) motion had been filed, but only after he had previously amended his complaint by stipulation of the parties. 806 F.3d at 1004. The issue was whether the prior Rule 15(a)(2) amendment exhausted the plaintiff's separate right to amend once as a matter of course under Rule 15(a)(1). *Id.* at 1007. The Ninth Circuit held that it did not, explaining that Rule 15 provides multiple mechanisms for amendment and that use of one mechanism does not waive or exhaust another. *Id. Ramirez* states that "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Id.* The Ninth Circuit did not hold that a pending motion for leave to amend, or a proposed amended complaint, automatically renders a pending dispositive motion moot. Plaintiff's reliance on *Ramirez* is therefore misplaced.

Here, Plaintiff has not filed an amended complaint. Plaintiff is not entitled to amend as a matter of course under Rule 15(a)(1) because Spring Oaks was served with the Complaint on

April 15, 2026, but Plaintiff did not seek leave until June 3, 2026—forty-nine days after service. The twenty-one-day amendment period under Rule 15(a)(1)(A) had therefore expired. Accordingly, Plaintiff can amend only with leave of Court under Rule 15(a)(2). Here, Plaintiff seeks leave to amend pursuant to Rule 15(a)(2). ECF Doc. 19, p. 1; *see* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.") Accordingly, *Ramirez* does not support Plaintiff's Opposition that the Spring Oaks' Rule 12(c) Motion is moot.

II.     **Plaintiff's Failure to Offer a Substantive Response to Spring Oaks' Motion Is a Concession on the Merits and Constitutes a Separate, Independent Ground on which to Dismiss the Complaint.**

Plaintiff's "procedural" opposition does not address any of the arguments presented in Spring Oaks' motion for judgment on the pleadings. A failure to respond to a motion to dismiss or motion for judgment on the pleadings operates as a consent to the granting of the motion. Local Civil Rule 7-2(d).  *See Mayes v. Smart & Final, Inc.*, 759 F. App'x 628, 630 (9th Cir. 2019) (citing LR 7-2(d)). "A plaintiff who makes a claim in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss has effectively abandoned his claim[.]" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (citation modified); *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (same). *See also Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned claims by not raising them in opposition to summary judgment motion); *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (same, notwithstanding liberal construction of pro se pleadings).

Effectively, by failing to respond to the arguments presented in Spring Oaks' motion to dismiss, and presenting only a "procedural" argument premised on the granting of his motion for leave to amend the complaint, Plaintiff has consented to the dismissal of the complaint.

Plaintiff put all of his eggs in the Proposed Amended Complaint basket.

**III.   Leave to Amend Should Be Denied Because the Proposed Amendment is Futile.**

Even if Plaintiff had not conceded to the dismissal of the complaint by failing to offer any substantive response to Spring Oaks' motion, his "procedural motion" for leave to amend should be denied because amendment will not cure the basis for dismissal of the Complaint, and therefore, there should be no superseding amended pleading.

The Supreme Court has identified several grounds that justify denying leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies …futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, (1962); *see also Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (citing *Foman*). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Furniture Royal, Inc. v. Schnadig Int'l Corp.*, 2019 WL 5680399, at *2 (D. Nev. July 30, 2019), *report and recommendation adopted,* 2020 WL 929462 (D. Nev. Feb. 26, 2020) (citing *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)).  It is within the court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). Futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises "where the amended complaint would ... be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

The PFAC attempts to cure the deficiencies identified in Spring Oaks' Rule 12(c) Motion by alleging, for the first time, that Plaintiff disputed the account through a consumer reporting agency in January 2026 (ECF Doc. 19-1, p. 5.) and by deleting prior allegations

showing that Plaintiff was aware of the reporting in 2023. See Complaint, ¶19.  Although these amendments are plainly intended to address the defects identified in Spring Oaks' Rule 12(c) Motion as to Plaintiff's FDCPA and FCRA claims, they do not cure them.

a.  *PFAC does not save Plaintiff's FDCPA Claims.*

Plaintiff's Complaint alleged that Defendants failed to comply with Plaintiff's written dispute and verification requests sent no later than September 22, 2023.  *See* Complaint, ¶14-18.  Plaintiff therefore commenced this action more than one year after the alleged FDCPA, and the claims are barred by the statute of limitations.  *Rotkiske v. Klemm*, 589 U.S. 8, 10, 140 S. Ct. 355, 358, 205 L. Ed. 2d 291 (2019). "An action under the FDCPA may be brought 'within one year from the date on which the violation occurs.'" (*citing* 15 U.S.C. § 1692k(d)).

Plaintiff's Complaint is a verified complaint, upon which Plaintiff swore to the facts asserted therein.  Simply removing the allegations admitting Plaintiff's claims are beyond the statute of limitations from the Complaint does not affect their evidentiary status as admissions against interest. *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996).  Moreover, Plaintiff does not attempt to change the date of alleged violations, so there is still no dispute that the alleged violations occurred outside of the statute of limitations.  Therefore, dismissal of Plaintiff's FDCPA claims are still appropriate notwithstanding the amendment to remove the admissions regarding the timing of the alleged violations.

b.  *PFAC does not save Plaintiff's FCRA Claim.*

Plaintiff's FCRA claim also fails based on the statute of limitations for the same reason noted above—the alleged violations occurred more than two years before Plaintiff commenced this action and there are no new facts to change this conclusion.  15 U.S.C. § 1681p.

As previously argued by Defendant Gurstel, Plaintiff has failed to provide any legal support for his argument that "courts recognize that repeated furnishing of inaccurate information

following disputes may constitute continuing or separate actionable conduct under the FCRA." ECF Doc. 13, p. 12. Therefore, to the extent Plaintiff's new allegation that he disputed the account through the consumer reporting agencies in January 2026 (ECF Doc. 19-1, p. 5) can be construed as alleging a new or separate FCRA violation, Plaintiff has failed to identify any legal support for this proposition. Adding additional allegations of more recent purported violations does not change the fact that the statute of limitations started to run when the violation was first discovered, which was in 2023.

The new allegation that Plaintiff disputed the account through the consumer reporting agencies in January 2026 is also insufficient to prevent dismissal of Plaintiff's claim because Plaintiff's own pleadings admit the Spring Oaks Defendants reported the account as disputed. (ECF Doc. 2, p. 11) (Comment: "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)").

If the Court grants Plaintiff's Leave to Amend in this matter, the amendment would be futile. Notably, Plaintiff's Opposition does not meaningfully amend the allegations underlying his FDCPA, NDTPA, negligence or IIED claims, nor does he address the legal deficiencies identified in the Rule 12(c) Motion as to those claims. ECF Doc. 20. Because the proposed amendment leaves those causes of action materially unchanged, amendment would have no effect on Spring Oaks' motion for judgment on the pleadings.

Accordingly, even under Plaintiff's proposed amendments, the FCRA claim remains deficient because Plaintiff still fails to plead facts establishing that Spring Oaks furnished inaccurate information. The proposed amendment therefore does not cure the defects identified in Spring Oaks' Rule 12(c) Motion and would remain subject to dismissal.

## V. CONCLUSION

Spring Oaks respectfully requests that this Court grant its Rule 12(c) Motion for Judgment

on the Pleadings and dismiss Plaintiff's Complaint with prejudice in its entirety.

**CERTIFICATION**

I certify that Artificial Intelligence was not used to prepare the foregoing document.

DATED June 11th, 2026                    HALL & EVANS, LLC

/s/ *Madisyn Schaus*
Madisyn Schaus  (Nevada Bar No. 17294)
Attorney for Gurstel Law Firm, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of HALL & EVANS, LLC and that on the 11th day of June, 2026, I caused the above and foregoing Motion for Judgment on the Pleadings and Notice of Joinder, to be served as follows:

[ X ]    By placing the same to be deposited in the United States Mail, in a sealed envelope upon which First Class postage was prepaid in Las Vegas, Nevada;

[ X ]    By electronic mail.

To the following Defendant(s) or attorney(s) listed below at the address, email address, and/or facsimile number indicated below:

Shawn R. Brown
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
shawn@sakuraent.com

*/s/Allisen VanAusdal*
Signed by an Employee of Hall & Evans, LLC