_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD

JUN 1 2 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**LAS VEGAS DIVISION**

| | |
|---|---|
| SHAWN R. BROWN | Case#: **2:26-cv-00759-JAD-MDC** |
| Plaintiff, | Judge: **Honorable Jennifer A. Dorsey** |
| vs. | Magistrate Judge: **Maximiliano Couvillier** |
| SPRING OAKS CAPITAL, LLC, et al | |
| Defendant(s) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 17]**

Plaintiff Shawn R. Brown, appearing *in propria persona*, respectfully moves this Honorable Court for an Order granting leave to file the attached Supplemental Brief in Opposition to the Spring Oaks Defendants' Motion for Judgment on the Pleadings (ECF No. 17).

This Motion is made in good faith and in direct response to arguments raised in Defendants' Reply Memorandum (ECF No. 23), wherein Defendants assert that Plaintiff has conceded his entire lawsuit on the merits by failing to reiterate substantive statutory arguments within his initial Procedural Opposition (ECF No. 20). As a *pro se* litigant, Plaintiff sought to conserve judicial resources by focusing on the mootness created by his pending Motion for Leave to Amend (ECF No. 19). To prevent an unintended procedural forfeiture and to ensure this controversy is decided on its true merits, Plaintiff requests leave to place his formal, substantive rebuttal on the active docket.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. LEGAL STANDARD GOVERNING SUPPLEMENTAL BRIEF**

While local rules generally do not permit sur-replies or supplemental briefs as a matter of right, district courts maintain inherent, broad discretion to permit them where a party shows good cause. See *Civil-Def. Advisory Comm. Note to LR 7-2*. Good cause exists where a supplemental brief clarifies an essential issue, corrects a catastrophic mischaracterization by the moving party, or ensures that a pro se litigant's claims are not dismissed due to a sequencing oversight.

Furthermore, the Ninth Circuit has a clearly defined policy mandating that *pro se* pleadings and oppositions must be construed with extreme liberality. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A court should grant leave to supplement when it prevents a harsh procedural default and ensures a fair, merit-based resolution.

## II. GOOD CAUSE EXISTS TO PERMIT THE SUPPLEMENTAL OPPOSITION

Good cause exists here because the Spring Oaks Defendants' Reply (ECF No. 23) attempts to construct a procedural trap. Defendants argue that because Plaintiff explicitly cross-referenced the timelines and fresh statutory violations detailed in his Proposed First Amended Complaint (ECF No. 19-1) rather than re-typing those exact arguments in his initial response block, he "consented" to the total dismissal of his case under Local Rule 7-2(d).

Plaintiff never intended to concede, waive, or abandon any claim. On the contrary, Plaintiff's initial opposition explicitly stated that the core statute of limitations arguments were fully neutralized. Permitting Plaintiff to file the attached brief allows him to properly articulate the exact federal and state statutes that keep his current lawsuit fully alive, curing any technical defect in his initial response.

### CONCLUSION AND PROCEDURAL REQUEST

For the foregoing reasons, Plaintiff Shawn R. Brown respectfully requests that this Court grant his Motion for Leave to File a Supplemental Brief, direct the Clerk of the Court to file the

attached Supplemental Brief (Exhibit A) on the active docket, and consider the substantive

merits contained therein when ruling on Defendants' pending Motion for Judgment on the

Pleadings.

DATED this 12th day of June, 2026.

Respectfully Submitted,

Shawn R. Brown
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145
Telephone: (725) 224-7610
Email: shawn@sakuraent.com
Plaintiff – *in propria persona*

## CERTIFICATE OF SERVICE

Shawn R. Brown certifies that on this **12th** day of **June** 2026, the foregoing

***PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN***

***OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS***

***(ECF NO. 17)*** was filed electronically with the Clerk of Court. Upon the Clerk's office

docketing this pleading, notice of this filing will be sent through the Court's electronic filing

system to all parties represented by attorneys who are registered users of the Court's electronic

filing system as provided for in Fed. R. Civ. P. 5(b)(2)(E).

_____

Shawn R. Brown
Plaintiff – *in propria persona*

*BROWN v. SPRING OAKS CAPITAL, LLC, et al*          Case#: **2:26-cv-00759-JAD-MDC**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF

**ATTACHMENT 1**

- **EXHIBIT – A**

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO SPRING OAKS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 17)

(Total – 4 pages)

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION**

| | | |
|---|---|---|
| SHAWN R. BROWN | : | Case#: **2:26-cv-00759** |
| Plaintiff, | : | Judge: **Honorable Jennifer A. Dorsey** |
| vs. | : | Magistrate Judge: **Maximiliano Couvillier** |
| SPRING OAKS CAPITAL, LLC, et al | : | |
| Defendant(s) | : | **JURY DEMANDED** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO SPRING OAKS
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 17)**

Plaintiff Shawn R. Brown, *in propria persona*, respectfully submits this Supplemental

Brief in Opposition to the Spring Oaks Defendants' Motion for Judgment on the Pleadings (ECF

No. 17). This brief is submitted to directly defeat Defendants' erroneous contention that

Plaintiff's claims are time-barred on their face, or that Plaintiff has conceptually abandoned his

claims.

**ARGUMENT**

**I. PLAINTIFF HAS NOT CONCEDED OR ABANDONED THIS LITIGATION**

Defendants assert in their Reply (ECF No. 23) that Plaintiff's procedural posture

constitutes an automatic consent to dismissal under Local Rule 7-2(d). *See* ECF No. 23 Reply, p.

3. This is a gross distortion of Plaintiff's intent. Plaintiff's Procedural Opposition (ECF No. 20)

explicitly declared that the statutory timelines were preserved, and that his pending Motion for

Leave to File a First Amended Complaint (ECF No. 19) directly targeted and cured the precise

timeline boundaries raised by Defendants. *See* ECF No. 19, p. 2; *see also* ECF No. 20, pp. 1-2.

Plaintiff has consistently and aggressively prosecuted this matter. Because *pro se* filings are held to less stringent standards than formal briefs drafted by lawyers, an organic sequencing misunderstanding must not be weaponized to engineer a harsh procedural default. See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II. FRESH STATUTORY VIOLATIONS OCCURRING ON FEBRUARY 6, 2026, BRING THIS LITIGATION ENTIRELY WITHIN ALL LIMITATION WINDOWS

Defendants' Rule 12(c) motion rests entirely on the flawed premise that Plaintiff's causes of action are strictly tethered to the initial 2023 collection data exchange. See ECF No. 23-Rep... p. 4 and ECF No. 22-Not... p. 2. This position completely ignores long-settled federal law governing ongoing consumer injuries under both the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

### A. The FCRA Claims are Timely Under 15 U.S.C. § 1681s-2(b)

Under the FCRA, a data furnisher's statutory liability is independently triggered each and every time it receives a formal automated dispute notification (ACDV) from a Consumer Reporting Agency (CRA) and fails to conduct a reasonable investigation. See *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

As explicitly documented by Plaintiff's active credit profile, Plaintiff submitted formal disputes to the CRAs in **January 2026** regarding the unlawful publishing of an unauthorized residential address (8251 W Sunset Rd., Unit 185, Las Vegas, NV 89113) that systemically cross-contaminated his identity with an unrelated third party (ECF No. 19-1 Exhibit A ... pp. 3-4). Rather than deleting or correcting this damaging data, the Spring Oaks Defendants processed the CRA dispute notices and actively **certified and verified the false account balance on February 6, 2026** (ECF No. 19-1 Exhibit A ... pp. 5, 8).

Because the operative FCRA violation occurred on February 6, 2026, and Plaintiff commenced this civil action in March 2026, the claim is perfectly timely under the two-year statutory discovery window mandated by 15 U.S.C. § 1681p.

**B. The FDCPA Claims are Timely Under 15 U.S.C. § 1692k(d)**

The Ninth Circuit recognizes that separate, discrete violations of the FDCPA occurring during an ongoing collection cycle trigger their own individual one-year statutes of limitations. *See discrete violation doctrine; see also independent collection actions.*

The Spring Oaks Defendants completely ignored the strict statutory cease-collection mandate of 15 U.S.C. § 1692g(b) (ECF No. 19-1 Exhibit A ... pp. 4, 7). Instead of pausing baseline reporting operations to gather competent verification, Defendants chose to transmit automated monthly updates to national consumer databases and explicitly authorized downstream collection counsel (Defendant Gurstel Law Firm, P.C.) to execute fresh collection demands as late as October 10, 2025 (ECF No. 19-1 Exhibit A ... pp. 5-6).

Furthermore, Defendants' active verification and publication of the unvalidated $10,162 balance on February 6, 2026, constitutes an independent, standalone attempt to collect a debt via false representations under 15 U.S.C. §§ 1692e and 1692f (ECF No. 19-1 Exhibit A ... pp. 5, 7). Because these independent collection actions occurred well within one year of the March 2026 filing date, Plaintiff's FDCPA claims are fully alive under 15 U.S.C. § 1692k(d).

**III. DERIVATIVE STATE LAW CLAIMS POSSESS INDEPENDENT STANDING**

Because the baseline federal statutory claims are fully timely and actionable, Defendants' derivative argument that Plaintiff's state law claims fail for lack of an underlying violation is entirely moot (ECF No. 22-Not... p. 2). Plaintiff's claims under the Nevada Deceptive Trade Practices Act (NRS § 598) and common law negligence per se remain independent questions of

fact that require discovery (ECF No. 19 Motion for... p. 2; ECF No. 19-1 Exhibit A ... pp. 9-10; ECF No. 21-Cor... p. 10).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Judgment on the Pleadings (ECF No. 17).

DATED this 12th day of June, 2026.

Respectfully Submitted,

Shawn R. Brown
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
Telephone: (725) 224-7610
Email: shawn@sakuraent.com
Plaintiff – *in propria persona*

---

*BROWN v. SPRING OAKS CAPITAL, LLC, et al*         Case#: **2:26-cv-00759-JAD-MDC**

---

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF

---

**ATTACHMENT – 2**

---

(PROPOSED) ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SUPPLEMENTAL BRIEF IN OPPOSITION TO JUDGMENT ON THE PLEADINGS

(Total – 2 pages)

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SHAWN R. BROWN | : | Case#: **2:26-cv-00759** |
| Plaintiff(s), | : | Judge: **Honorable Jennifer A. Dorsey** |
| vs. | : | Magistrate Judge: **Maximiliano Couvillier** |
| SPRING OAKS CAPITAL, LLC, et al | : | |
| Defendant(s) | : | |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN OPPOSITION TO JUDGMENT ON THE PLEADINGS

Before the Court is Plaintiff Shawn R. Brown's Motion for Leave to File a Supplemental Brief in Opposition to Defendants' Motion for Judgment on the Pleadings (ECF No. 17).

The Court, having reviewed the motion, the record, and finding good cause exists to permit the supplement so that the core issues may be decided on their substantive merits, hereby grants the Motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Brief is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Supplemental Brief, currently attached to his motion as Exhibit A, on the active docket. The Court will consider the arguments contained therein when adjudicating Defendants' pending Motion for Judgment on the Pleadings (ECF No. 17).

//

IT IS SO ORDERED:

Dated: _____, 2026.


_____

UNITED STATES DISTRICT JUDGE /

UNITED STATES MAGISTRATE JUDGE