HALL & EVANS LLC
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
Kurt R. Bonds (Nevada Bar No. 6228)
Madisyn Schaus (Nevada Bar No. 17294)
Telephone: 702-998-1022
bondsk@hallevans.com
schausm@hallevans.com
nvefile@hallevans.com
*Attorneys for Gurstel Law Firm, P.C.*
*Spring Oaks Capital SPV, LLC, and*
*Spring Oaks Capital, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN R. BROWN , | ) CASE NO.:  26-CV-00759-JAD-MDC |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| SPRING OAKS CAPITAL, LLC; SPRING OAKS | ) |
| CAPITAL SPV, LLC; and GURSTEL LAW | ) |
| FIRM, P.C. | ) |
| | ) |
| Defendant(s). | ) |

-----------------------------------------------------------

**SPRING OAKS DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY (ECF NO. 24)**

Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC (collectively "Spring Oaks") oppose Plaintiff Shawn R. Brown's ("Plaintiff") Motion for Leave to File a Supplemental Brief in Opposition to Defendant's Motion for Judgment on the Pleadings (ECF No. 24). Plaintiff's motion, which effectively seeks leave to file a surreply, should be denied. Plaintiff does not identify any exceptional circumstance justifying a surreply and his request is simply an improper attempt to have the last word.

**ARGUMENT**

Plaintiff acknowledges that local rules generally do not permit surreplies. ECF No. 24, p. 2. "In fact, the Local Rules of Practice for the United States District Court for the District of Nevada provide for only a motion, a response, and a reply. *See* D. Nev. R. 7–2(a)–(c). No provision is made for supplemental filings." *Toromanova v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00328-GMN, 2013 WL 1314974, at *2 (D. Nev. Mar. 28, 2013). Local Rule 7-2 explicitly states that "[s]urreplies are not permitted without leave of court" and that "motions for leave to file a surreply are discouraged." LR 7-2.

Courts in this District have ruled that surreplies are "highly disfavored" and acknowledged that surreplies are typically an improper attempt by the non-moving party to "have the last word" on an issue. *Harkey v. U.S. Bank, N.A*, No. 2:14-CV-00177-RFB, 2015 WL 300271, at *1 (D. Nev. Jan. 21, 2015); *Smith v. United States*, No. 2:13-CV-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014); *Avery v. Barsky*, No. 3:12-CV-00652-MMD, 2013 WL 1663612, at *2 (D. Nev. Apr. 17, 2013); *Stevens v. Prentice*, No. 217CV970JCMPAL, 2018 WL 3758577, at *1 (D. Nev. Aug. 8, 2018).

Surreplies are disfavored "even where, as here, the filer is proceeding *pro se*." *Smith*, 2014 WL 1301357, at *5 (citing *Odoms v. Skolnik*, No. 3:09-CV-00223-RCJ, 2011 WL 2161391, at *5 (D. Nev. Apr. 18, 2011), *report and recommendation adopted,* No. 3:09-CV-00223-RCJ, 2011 WL 2160282 (D. Nev. May 31, 2011), *aff'd,* 474 F. App'x 602 (9th Cir. 2012)).

Allowing parties to "file supplemental arguments and evidence whenever they wish" would "subvert the local rules that are in place to ensure timely responses." *Smith*, 2014 WL 1301357, at *5. "To allow such a result would disrupt this Court's administration of justice."

*Toromanova*, 2013 WL 1314974, at *2. Thus, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." *Stevens*, 2018 WL 3758577, at *1 (citing *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010)); *Tesla, Inc. v. Tripp*, 487 F. Supp. 3d 953, 969 (D. Nev. 2020).

As collected in *Sims*, courts in other jurisdictions agree:

- "Surreplies ... are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *In re Enron Corp. Secs .,* 465 F.Supp.2d 687,691 n. 4 (S.D.Tex.2006) (quoting *Lacher v. West,* 147 F.Supp.2d 538, 539 (N.D.Tex.2001);

- Courts will not allow surreplies except "in the most extraordinary circumstances." *Beckner v. Astrue,* 2007 WL 2013608 *1 (D.Kan.2007);

- "[M]otions for surreplies ... will be summarily denied absent extraordinary circumstances." *Gen.Elec. Co. v. Latin Am. Imports, S.A.,* 187 F. Supp 2d 749, 752 n. 1 (W.D.Ky.2001);

- Party must set forth "exceptional or extraordinary circumstances warranting a surreply." *Atlin v. Mendes,* 2008 WL 5422871 *3 (N.D.Tex.2008);

- It is proper to deny "a motion for leave to file a surreply where the party failed to demonstrate that the case presented extraordinary circumstances warranting the relief sought." *Starr v. Cox,* 2008 WL 1914286 *2 (D.N.H.2008) (finding no extraordinary circumstances where additional briefing will not alter outcome).

What are exceptional or extraordinary circumstances? Such circumstances are inherently rare, and Spring Oaks located few examples of courts determining that exceptional circumstances

3

warranted a surreply. For example, in a case concerning a tort claim under Indonesian law against Exxon Mobil Corporation related to injuries allegedly inflicted, in Indonesia, by Indonesian soldiers employed by Exxon, the court found that a surreply was justified when Exxon's reply brief contained a supplemental expert declaration concerning Indonesian law. *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014).

Surreplies have been allowed where the "moving party raises new material for the first time in a reply[,]" specifically, where a reply brief cites new legal authority (i.e., decisions or opinions *issued*–not discovered—after the non-moving party's response was filed). *Grohmann v. HCP Prairie Vill. KS OPCO LLC*, 516 F. Supp. 3d 1267, 1272 (D. Kan. 2021). A court in this District indicated that "new evidence" may constitute a justification for a surreply. *Kelly v. Fin. Indus. Regul. Auth.*, No. 2:25-CV-01195-APG-DJA, 2025 WL 2962788, at *6 (D. Nev. Oct. 16, 2025). Here, Plaintiff does not purport to raise any new authority in his proposed surreply, nor does he identify any new evidence.

An "argumentative framing" of the facts styled by *pro se* plaintiff as a new legal argument does not pose exceptional circumstances to warrant a surreply. *Johnson v. Mini of Las Vegas*, No. 2:25-CV-00725-APG-EJY, 2025 WL 2718525, at *2 (D. Nev. Sept. 24, 2025); *see also Stevens*, 2018 WL 3758577, at *3 (finding that the fact that a party is "unhappy with its five-page response to partial summary judgment and wishes to further elaborate" is not an extraordinary circumstance warranting a surreply); *Igbinovia v. Dzurenda*, No. 219CV00588RFBMDC, 2024 WL 1345210, at *5 (D. Nev. Mar. 29, 2024) (*pro se* plaintiff's proposed supplemental document rejected where it did not state any new arguments which the court had not already considered through previous briefing, and therefore did not present any exceptional or extraordinary circumstances); *Brown v. Haaland*, 604 F. Supp. 3d 1059, 1090 (D. Nev. 2022) (stating that court may deny motion for

leave to file surreply where more information is unnecessary for the court to properly resolve the motion).

Plaintiff fails to identify any extraordinary circumstances that justify his request. Plaintiff had a full and fair opportunity to brief the issues in this case in his Response, not only to the Spring Oaks motion for judgment on the pleadings, but also in response to Gurstel's motion to dismiss.

Plaintiff cites to "Civil-Def. Advisory Comm. Note to LR 7-2" for a purported "good cause" standard for granting leave to file a surreply, and claims that good cause exists where "a supplemental brief clarifies an essential issue, corrects a catastrophic mischaracterization by the moving party, or ensures that a pro se litigant's claims are not dismissed due to a sequencing oversight." ECF No. 24, p. 2. Spring Oaks was unable to locate such an advisory committee note to LR 7-2, or any decision from a court in this District discussing a surreply being permitted to correct a "catastrophic mischaracterization," "clarify[y] an essential issue," or address a "sequencing oversight." The "good cause" standard proposed by Plaintiff appears to lack any authority and stands in opposition to the oft-articulated "extraordinary circumstances" standard adopted in this District and around the country.

Even if the correct standard for granting leave to file a surreply was "good cause," and not extraordinary circumstances, Plaintiff fails to meet that lower threshold. The root of this issue is Plaintiff's failure to substantively respond to Spring Oaks' arguments that the Complaint (ECF No. 2) fails to state a claim. In opposition to Spring Oaks' motion for judgment on the pleadings, Plaintiff offered no substantive response to Spring Oaks' arguments. Instead, Plaintiff argued only that the Proposed First Amended Complaint ("PFAC," ECF No. 19-1) cured the defects identified in the Complaint (ECF No. 2), and that he should be allowed to file

the PFAC. *See* ECF No. 20, p. 2 ("The [PFAC] explicitly cures the structural ambiguities targeted by Defendants…").  Plaintiff *could have* argued that (1) the Complaint is <u>not</u> subject to dismissal, and, in the alternative, (2) if the Complaint <u>is</u> subject to dismissal, it should be dismissed with leave to amend. But he did not. Plaintiff offered no defense of the Complaint. In fact, Plaintiff's whole argument is that Spring Oaks' motion is mooted by the filing of the PFAC, because the PFAC "render[s] the initial complaint non-existent." ECF No. 20, p. 2.

Plaintiff's arguments show that Plaintiff does not actually dispute that the Complaint is subject to dismissal, though he believes that his cause of action may be preserved through the PFAC. Plaintiff's proposed surreply (like his original opposition (ECF No. 20) to the Spring Oaks' motion) makes this perfectly clear that it refers exclusively to the PFAC—not the Complaint. *See, e.g.,* ECF No. 24, p. 7 (citing new factual allegations about January 2026 dispute to CRA contained in the PFAC); p. 8 (citing new factual allegations about residential address contained in the PFAC). Plaintiff's proposed surreply is equally defective as a defense of the Complaint as his original opposition. There is no "good cause" to allow Plaintiff to file a surreply.

Nevertheless, the correct standard for permitting a surreply is not "good cause." Only "the <u>most exceptional or extraordinary</u> circumstances" warrant surreplies. *Stevens*, 2018 WL 3758577, at *1. There is absolutely nothing extraordinary about these circumstances, and for that reason alone, Plaintiff's motion should be denied.

### V. CONCLUSION

Spring Oaks respectfully requests that this Court deny Plaintiff's motion for leave to file a surreply.

/ / /

**CERTIFICATION**

I certify that Artificial Intelligence was not used to prepare the foregoing document.


DATED June 29, 2026                HALL & EVANS, LLC

                                   */s/Madisyn Schaus*
                                   Madisyn Schaus
                                   (Nevada Bar No. 17294)
                                   *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of HALL & EVANS, LLC and that on the 29th day of June, 2026, I caused the above and foregoing Opposition to Plaintiff's Motion for Leave to File Surreply, to be served as follows:

[ X ]    By placing the same to be deposited in the United States Mail, in a sealed envelope upon which First Class postage was prepaid in Las Vegas, Nevada;

[ X ]    By electronic mail.

To the following Defendant(s) or attorney(s) listed below at the address, email address, and/or facsimile number indicated below:

Shawn R. Brown
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
shawn@sakuraent.com

*/s/Allisen VanAusdal*
Signed by an Employee of Hall & Evans, LLC