

____ FILED      ____ RECEIVED
____ ENTERED    ____ SERVED ON
        COUNSEL/PARTIES OF RECORD

JUL - 6 2026

CLERK US DISTRICT COURT
    DISTRICT OF NEVADA

BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**LAS VEGAS DIVISION**

|  |  |  |
|---|---|---|
| SHAWN R. BROWN | : | Case#: **2:26-cv-00759-JAD-MDC** |
| Plaintiff, | : | Judge: **Honorable Jennifer A. Dorsey** |
| vs. | : | Magistrate Judge: **Maximiliano Couvillier** |
| SPRING OAKS CAPITAL, LLC, et al | : | |
| Defendant(s) | : | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF [ECF NO. 24]

Plaintiff Shawn R. Brown, appearing *in propria persona*, hereby respectfully submits this Reply in Support of his Motion for Leave to File a Supplemental Brief (ECF No. 24). For the reasons set forth below, Defendants' Opposition (ECF No. 30) relies entirely on rigid procedural mechanics to obscure the active, independent statutory violations that occurred in early 2026.

### I. PROCEDURAL AND FACTUAL OVERVIEW

On June 22, 2026, Defendants filed a Joint Reply (ECF No. 23) in support of their pending Motion for Judgment on the Pleadings, raising a novel "abandonment" argument under Local Rule 7-2(d). Because this specific waiver argument was raised for the first time in a closing Reply brief, Plaintiff was procedurally barred from addressing it under standard motion sequencing.

Accordingly, Plaintiff filed the underlying Motion for Leave (ECF No. 24) to introduce a concise supplemental brief. This supplement does not seek to "have the last word," but rather

clarifies how the "Discrete Violation Doctrine" preserves Plaintiff's active 2026 claims independently of any historical 2023 timeframes.

## II. ARGUMENT

Defendants argue that supplemental briefs are heavily disfavored and that a *pro se* litigant's procedural sequencing oversight does not constitute an "extraordinary circumstance" (ECF No. 30, p. 4). This position flatly contradicts the Supreme Court's mandate that *pro se* pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Denying leave to clarify the record on a closing procedural technicality would entirely defeat the Ninth Circuit's strong preference for deciding consumer actions on their true substantive merits rather than pleading technicalities.

Allowing Plaintiff to supplement the record promotes judicial economy. It ensures this action is adjudicated on its true substantive merits rather than an automated sequencing trap. Furthermore, Defendants' extreme administrative distraction is evidenced by their recent correspondence, wherein they mistakenly addressed the Plaintiff as "Mr. Jones"—confirming their reliance on recycled, boilerplate litigation frameworks from entirely separate cases.

Plaintiff's proposed supplement directly addresses a live, independent, and separate statutory injury: a catastrophic identity cross-contamination and the active publication of an entirely incorrect residential address ("8251 W Sunset Rd., Unit 185") linked to a consumer file for the first time on February 6, 2026. Under Ninth Circuit law, each automated verification transmission constitutes a discrete violation with its own independent statutory timeline. *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1044 (9th Cir. 2023). Denying leave to supplement would permit Defendants to shield active 2026 violations behind outdated historical timelines.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Leave to File a Supplemental Brief (ECF No. 24) and order the clerk to place the attached supplement on the active docket.

DATED this 6th day of July, 2026.

Respectfully Submitted,

Shawn R. Brown
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145
Telephone: (725) 224-7610
Email: shawn@sakuraent.com
Plaintiff – *in propria persona*

## CERTIFICATE OF SERVICE

Shawn R. Brown certifies that on this **6th** day of **July** 2026, the foregoing *PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF [ECF NO. 24]* was filed in person with the Clerk of the Court. Upon the Clerk's office docketing this pleading, notice of this filing will be sent through the Court's electronic filing system to all parties represented by attorneys who are registered users of the Court's electronic filing system as provided for in Fed. R. Civ. P. 5(b)(2)(E).

Shawn R. Brown
Plaintiff – *in propria persona*